

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

United States Bankruptcy Judge

Signed April 30, 2013

---

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-10223-rlj13 |
| | § | |
| | § | |
| MAGDALENO HERNANDEZ | § | |
| AND | § | CHAPTER 13 |
| SYLVIA CONCHA HERNANDEZ | § | |
| | § | |
| DEBTORS | § | |

### AGREED ORDER CONDITIONING AUTOMATIC STAY AND CO-DEBTOR STAY

Came on for consideration the Motion for Relief from Stay and Co-Debtor Stay, filed by Abilene Teachers Federal Credit Union, (hereinafter "Movant"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered. It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 and Co-Debtor Stay of 11 U.S.C. §1301 shall remain in effect, except as provided below.

2. **Payments to Trustee:** Debtor shall timely remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within thirty (30) days of the date that this Order is signed by the Bankruptcy Judge.

3. **Additional Payments:** In addition to the payments set forth above, Debtor shall pay attorney's fees and costs incurred in filing the Motion for Relief from Stay and Co-Debtor Stay in the total amount of $675.00. The total amount due shall be paid directly to Movant in 6 payments beginning May 15, 2013 as indicated below:

ABILENE TEACHERS FEDERAL CREDIT UNION
Attention: Greg Peck
P.O. Box 5706
Abilene, Texas 79604

|   | **Amount Due** | **Date Due** |
|---|---|---|
| 1. | $112.50 | May 15, 2013 |
| 2. | $112.50 | June 15, 2013 |
| 3. | $112.50 | July 15, 2013 |
| 4. | $112.50 | August 15, 2013 |
| 5. | $112.50 | September 15, 2013 |
| 6. | $112.50 | October 15, 2013 |

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4. **Insurance on Collateral:** Debtor shall maintain comprehensive and collision insurance on the collateral described below as required by the loan documents between Debtor and Movant and Debtor shall remit proof of the required insurance coverage to Movant. Debtor shall further list the Movant as a lienholder on such insurance policy(ies).

5. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 and Co-Debtor Stay of 11 U.S.C. §1301 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6. **Effect of Non-sufficient Funds:** Tendering a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this Order and is an event of default.

7. **Default:** In the event that: 1) Movant does not receive any payments by the dates set forth in the "Additional Payments" Paragraph; or 2) Debtor does not timely remit the payments set forth in the "Payments to Trustee" Paragraph above; or 3) Debtor fails to maintain insurance coverage on the collateral described below in accordance with the terms of the loan documents between Debtor and Movant and/or fails to provide proof of such insurance coverage to Movant, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Counsel for Debtor, and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments or insurance default. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtor fails to cure such delinquent payments or insurance default within such 10-day period or in the event Debtor becomes delinquent after **two (2) notices of default**, the Automatic Stay of 11 U.S.C. §362 and Co-Debtor Stay of 11 U.S.C. §1301 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

2006 Chevrolet Trailblazer, VIN 1GNET16S266105938

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

###END OF ORDER###

**APPROVED:**

| | |
|---|---|
| **McMAHON SUROVIK SUTTLE,** | **CHAPTER 13 TRUSTEE** |
| A Professional Corporation | Walter O'Cheskey |
| P.O. Box 3679 | 6308 Iola Avenue |
| Abilene, Texas 79604 | Lubbock, Texas 79424 |
| 325-676-9183/FAX 676-8836 | Phone 806-748-1980 |
| | |
| By: /s/ Mark S. Zachary | By: /s/ Marc McBeath |
| MARK S. ZACHARY | MARC MCBEATH |
| State Bar No. 22237450 | State Bar No. 13328600 |
| Attorney for Abilene Teachers Federal Credit Union | |

**MONTE J. WHITE & ASSOCIATES, P.C.**
402 Cypress, Suite 310
Abilene, Texas 70601


By: /s/ Pamela Jean Chaney
    PAMELA JEAN CHANEY
    State Bar No. 24006983
    Attorney for Debtors